[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
Under date of October 20, 1994 the defendant appellant filed a motion for modification of alimony. The genesis of the alimony order is a judgment of dissolution under date of June 27, 1984 wherein the defendant agreed to and did pay the sum of $461.54 combined alimony and support, which sum was reduced by $150.00 per week prior to March of 1993 when the two children reached the age of majority.
On March 22, 1993 this court (Spallone, J.) denied a prior motion for modification of alimony filed by the defendant appellant on the grounds that it failed to establish a substantial change in circumstances. Accordingly, in accordance with the doctrine ofBorkowski v. Borkowski, 228 Conn. 729 (1994) this court at the time of the hearing on the current motion, June 6, 1995, ruled that the appropriate period of review for claims of substantial change in circumstances was March 22, 1993 through June 6, 1995. This motion had been filed on November 4, 1994 but was not heard until June of 1995 on account of various and sundry requests for continuance by the parties herein. It was the burden of this defendant-appellant to demonstrate that a substantive change in circumstances had occurred since the last court order, that is, March 23, 1993.
At the outset, as a result of the hearing, the defendant-appellant's appearance therein and testimony, and the exhibits offered and received in evidence, this court concluded that the credibility of Mr. Pearl was questionable and subject to careful scrutiny. He did not include all of his income in the affidavit originally filed in conjunction with this hearing. When confronted with this he filed an amended affidavit adding $300.00 per week income to his previously stated income. CT Page 1001
Shortly prior to the hearing, the defendant-appellant voluntarily terminated his employment with Electro-Lux.
This court reviewed the affidavit and concluded that his expenses were excessive by approximately $75.000 per week (hair cuts, dog grooming, gifts and miscellaneous). Further, it was brought out of the testimony and the court concluded that a fair comparison of the defendant movant's financial affidavit of 1993 and his current financial affidavit would necessitate the addition of $111.00 per week in the income side of his 1995 affidavit in order to put it in parity with 1993 affidavit that had included income and principal then being received from a note.
Also, this court notes that from the testimony that it is apparent that his stated income from Atlantic Marketing of $697.00 per week is in reality $740.00 per week in conformity with the last W2 statement received by him from Atlantic Marketing, thus adding another $47.00 to his income.
Although not included as income or cash flow, the defendant is to start receiving $25,000.00 per year as the repayment of an asset sold, or a sum of $480.00 per week. Although all of this is not proper income, some of it ought to be attributed to his income picture. The court included no specific income amount in its determination and disposition of this motion.
In addition, the defendant movant has made a $121,000.00 renovation to his residence dwelling. Although, again, no specific income figure has been attributed to him by virtue of this, the court notes he has voluntarily reduced his income figure by at least the income that $121,000.00 could have produced for him at the time of the hearing.
Further, the court finds that this motion was dated October 25, 1994 in which he alleged at that time that his income had been substantially reduced. The evidence establishes and the court concludes that within one month prior to that, September 22, 1994. Ronald Pearl, the defendant movant herein had filed a sworn statement with the bank claiming that his income was $1,999.00 per week. This was in conjunction with his application for a loan. As Mr. Pearl acknowledged, there does seem to be a "discrepancy" when compared to the income stated on his affidavit filed at this hearing. (1993 affidavit income was $1,154/per week; 1995 affidavit income was $833/per week). CT Page 1002
Making most but not all of the adjustments as aforesaid to his stated income, the court concludes that the defendant movant's net affidavit income per week is at least $1,020.00. When compared to his net income per his 1993 affidavit of $1,154.00 would appear to be a reduction in that period of time of $134.00 per week. The plaintiff-appellee net income for 1993 was $792.00 per week and her net income for 1995 was $585.00 per week showing a net reduction in the amount of $207.00 per week.
Accordingly, the court found that the defendant movant had failed to establish as previously stated a substantial change in circumstances that would create the foundation and appropriate basis for the court to grant his motion to modify his obligation to pay alimony to his former wife.
BY THE COURT, HIGGINS, J.